

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-2599
Re: H. B. 282, Acts 1927, 40th
Leg., R. S., Ch. 219, p. 322.

This department has received your request for an opinion. We quote, as follows, from your original letter:

"In 1927 the 40th Legislature, Regular Session, under General and Special Laws, enacted House Bill 282, Chapter 219, page 322, regarding City-County Hospitals in counties of 210,000 population. After the passage of this act, Bexar County called an election for the purpose of levying this direct tax and a majority vote was had in this election.

"If the Commissioners' Court levied the full 10¢ authorized by this law for the purpose of erecting buildings and other improvements and for maintaining such hospital, can the Commissioners' Court levy in addition to the above mentioned 10¢, any part of the 25¢ authorized in Article 8, Section 9, of the Constitution of the State of Texas, 'for the erection of public buildings, streets, sewers, waterworks, and other permanent improvements' for permanent improvements for the Bexar County City-County Hospital?

"If the Commissioners' Court levies a tax under Article 8, Section 9, of the Constitution of the State of Texas, for permanent improvements, should the disbursements of this money when collected by the Tax Collector, be confined to building additions, building changes, building improvements and repairs other than building maintenance for Court House, Jail, and county owned institutional buildings?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

At a subsequent date you sent, at our request, the additional information which follows:

"In reply to your letter of August 19, 1940, regarding Opinion Request No. O-2599, will state that in 1915 Bexar County issued Hospital Bonds in the amount of $125,000.00 and the City of San Antonio at this time also issued Hospital Bonds in the amount of $125,000.00, making a total of $250,000.00, which bonds were voted by the people and the proceeds of this sale were used for the erection of the City and County Hospital.

"When this Hospital was erected, which was probably in 1915, the City and County entered into a contract under certain statutory laws for the operation and maintenance of this Hospital, the City agreeing to take care of 36% of this expense and the County 64%. The Hospital operated on this basis until the passage of House Bill No. 282, Chapter 219, page 322, 40th Legislature, Regular Session. At this time the City discontinued its payment to the County of 36% of the cost of operating and maintaining the City and County Hospital, which is called the Robert B. Green Memorial Hospital. Of course, this levy was made after a majority of the voters of this County at an election had voted for this 10¢ levy.

"Bexar County at this time has out-standing $66,000.00 of these Hospital Bonds but levies no tax to cover the interest and principal on these bonds as the Hospital Bond Sinking Fund has $40,000.00 invested in Bexar County bonds and the revenue from this investment is sufficient to take care of the interest and principal on the $66,000.00 out-standing Hospital Bonds.

"The Commissioners' Court is now planning to levy the full 10¢ under House Bill 282 and in addition make an appropriation out of the Permanent Improvement Fund of approximately $28,000.00, which is equal to approximately a 2¢ tax levy out of the 25¢ authorized in Article 8, Section 9, of the Constitution of the State of Texas, 'for the erection

of public buildings, streets, sewers, waterworks and other permanent improvements'. This 2¢ is not for a voted bond issue for improvements at the Hospital but is a straight levy of 2¢ out of the 25¢ on ad valorem tax to be collected by the Tax Collector and spent by the Commissioners' Court and the Hospital as collected for improvements of the City and County Hospital which would really make a total tax levy of 12¢."

House Bill Number 282, Acts 1927, 40th Leg., R. S., Ch. 219, p. 322 is incorporated in Vernon's Annotated Civil Statutes as Article 4437a. For convenience we shall hereafter refer to it as Article 4437a.

That Article provides:

"Section 1. That all counties in Texas having a population of 210,000 inhabitants, as shown by the census of 1920, in which are established hospitals jointly owned and operated by any city and county, in which said hospital is located, the said counties or cities under the terms of mutual agreement, and not otherwise, are hereby authorized to designate either the county or city government for the purpose of taking over the entire ownership and control of such hospital upon such terms as may be mutually agreed upon between the city and county owning such hospitals and operating the same, and providing further that such portions of the tax hereinafter referred to shall, if voted by a majority of the qualified voters, be used to take care of the interest and sinking fund required by law on all outstanding bonds of the city or county heretofore issued which have been incurred against the building or maintenance of said hospitals or that may hereafter be issued. That in case it is determined by said mutual agreement for the city to take over the said hospitals and operate the same, the board of managers may be appointed by the governing body of the city in accordance with the terms of its charter or in accordance with its judgment.

"Sec. 2. That if in the judgment of the combined boards of County Commissioners and City

Councils of such cities, as may be part owners of such hospitals, a countywide election to determine the future ownership and operation of the hospital is desirable, such countywide election may be ordered on the initiative of such combined boards, and a majority vote on the questions submitted shall govern the future ownership and operation of the hospitals, the expense of such election to be paid by the Commissioners' Court from county funds.

"Sec. 3.  A direct tax of not over ten cents (10¢) on the valuation of One Hundred Dollars ($100.00) may be authorized and levied by the Commissioners' Court of such county for the purpose of erecting buildings or other improvements and for maintaining such hospitals; provided that all such levy of taxes shall be submitted to the qualified taxpaying voters of the county, and a majority vote shall be necessary to levy the tax.

"Sec. 4.  The Board of Managers or Directors of such hospital shall be elected, when so taken over, by the County Commissioners' Court, and said Board shall consist of not less than three members, or more than nine members, and when so elected shall be responsible for and have full and complete control of the management of the conduct of such hospital or hospitals, giving a report of their management at least once every quarter to the Commissioners' Court, and as much oftener as said Court may request, upon any and all acts, rules and regulations performed by them.  They shall also give a quarterly financial statement to the Commissioners' Court showing all money expended and received by them and showing fully for what purposes the money has been expended.

"Sec. 5.  The said hospital or hospitals shall give free service to all sick and injured indigent citizens of the entire county.

"Sec. 6.  Said Board of Managers shall be appointed for such terms that the terms of one-third of the number of the members of the Board will expire every two years and the term of office for such members of the Board shall be for six years.

"Sec. 7. Due to the large amount of detail work necessary to perfect the reorganization under this Act, it is necessary that such work begin at the earliest practical moment, and for the good of the Hospital System, and on account of the crowded condition of the calendar, creates an emergency and an imperative public necessity, demanding the suspension of the Constitutional Rule requiring bills to be read on three several days, and the said rule is hereby suspended, and this Act is to take effect upon and after its passage, and it is so enacted."

"A special or private act is one relating to particular persons or things of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitations, be applicable." 25 Ruling Case Law, Section 65, at p. 813. (Underscoring ours)

Article 4437a clearly comes within the definition of a local or special law. Section one of that statutory provision separates, particularizes, and restricts its applicability to the whole class by two methods or means. Namely, it is restricted by population and specialized by the method provided for ascertaining that population.

Article 4437a, by its own terms, can only apply to those Texas counties "having a population of 210,000 inhabitants, as shown by the census of 1920". (Underscoring ours)

An examination of the 1920 census will reveal that not a single Texas County had exactly 210,000 inhabitants. Whether or not the Legislature intended 210,000 more or less is a problem of statutory construction. Here, however, we need not be troubled with niceties for Bexar County never came within the limits defined in Article 4437a. The 1920 Federal census reveals Bexar County with a population of 202,069.

Section 56, Article 3 of the Constitution provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

"* * *

"Regulating the affairs of counties, cities, towns, wards, or school districts;

"* * *

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;"

The enactment of Article 4437a violated the foregoing Constitutional provisions and, hence, it is thereby rendered null and void. City of Fort Worth v. Bobbitt, 121, Texas 14, 36 S. W. (2d) 470.

Acts 1929, 41st Leg., 2nd C. S., p. 5, ch. 4, Sect. 1, (Art. 4437b, Vernon's Annotated Civil Statutes) was applicable to Bexar County. It provides:

"That in all counties in Texas having a population of at least 202,000 inhabitants and less than 210,000 inhabitants as shown by the Census of 1920, in which are established hospitals jointly owned or operated by any city and county in which said hospital is located, a direct tax of not over ten cents on the valuation of One Hundred Dollars may be authorized and levied by the Commissioners' Court of such county for the purpose of erecting buildings and other improvements, and for maintaining such hospitals, provided that all such levy of taxes shall be submitted to the qualified taxpaying voters of the county and a majority vote shall be necessary to levy the taxes."

We gather from the set of facts submitted to us that the Bexar County Commissioners Court purported to levy the ten cent tax pursuant to the authority granted in 4437a, Vernon's Annotated Civil Statutes, and not that authorized by Article 4437b, Vernon's Annotated Civil Statutes. It can make no great difference, however, under which particular act the Commissioners Court assumed to act. The stigma of unconstitutionality touches the pair of them.

Article 4437b, Vernon's Annotated Civil Statutes, is restricted in its application to those counties "having a population of at least 202,000 inhabitants and less than

210,000 inhabitants as shown by the Census of 1920." The 1920 Census reveals that only Bexar County fell within that population bracket. This, together with the fact that the Act is so phrased as to forever exclude any other county in the State from coming within its purview, renders Article 4437b, Vernon's Annotated Civil Statutes, null and void by reason that it is a special or private act contravening Section 56, Article 3, of the Texas Constitution. See City of Fort Worth vs. Bobbitt, supra.

In light of the foregoing, the Bexar County Commissioners Court must look to Article 4478, Revised Civil Statutes, 1925, for their tax levying authority to provide funds for the desired improvements upon the city-county hospital. Article 4478, et seq., Revised Civil Statutes, 1925, confers general authority upon the Commissioners Court with regard to county hospitals and their erection, maintenance, alteration, and repair.

The Commissioners Court may use for county hospital purposes, all or any portion, not previously allocated, of the 25 cents per $100 valuation tax levy authorized by the Constitution. Provided, however, that in no event shall the tax levy exceed the 25 cents constitutional limit fixed on the county permanent improvement fund.

Gould v. City of Paris, 68 Texas 511, 4 S. W. 650.
Williams v. Carroll, 202 S. W. 504.
Veltmann v. Slator (Civ. App.) 200 S. W. 539.

The second question in the original request is not sufficiently specific for us to attempt an answer.

Trusting that the foregoing affords an answer to your primary inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By [signature] Wm. J. Fanning
Wm. J. Fanning
Assistant

By [signature] Grundy Williams
Grundy Williams

APPROVED SEP 6, 1940
[signature] R. W. Fairchild
Acting ATTORNEY GENERAL OF TEXAS

GW:rw